IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TASHEMA D. SMITH,**

    **Plaintiff,**

v.                                                                  Case No. 3:17-cv-03806

**CITY OF HUNTINGTON, et. al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Tashema D. Smith's ("Smith") Application to Proceed Without Prepayment of Fees and Costs and complaint filed pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 2). Smith's complaint seeks monetary damages and prospective relief against several state and federal agencies and the City of Huntington. According to the complaint, the defendants are harassing Smith in retaliation for her filing a discrimination case.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Smith's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the

plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

To state a cause of action for money damages under § 1983, a plaintiff must show that **a person** was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694. In this case, Smith names only the State of West Virginia, federal authorities, and various state agencies and political subdivisions as defendants. None of these entities is a "person" subject to monetary liability under 42 U.S.C. § 1983.

Therefore, if Smith claims that a person (or persons) acting under color of state law violated her federal civil or constitutional rights, she must amend her complaint to name the individual or individuals and to state precisely what civil or constitutional right each individual violated. If Smith is unaware of the names of the relevant individuals, she shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Department of Housing employee John Doe) **and shall further identify** each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual

defendant is included in the complaint. To the extent Smith knows partial names, she shall include those parts (e.g. DHHS employee Michael LKU ("last name unknown.").

In addition, to state a cause of action for prospective relief against the State of West Virginia or any of its agencies, Smith must name as the defendant the state officer who has proximity to and responsibility for the challenged state action. *See Ex Parte Young*, 209 U.S. 123 (1908). The State of West Virginia, itself, is not a proper defendant because it is generally immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. However, as the United States Supreme Court explained in *Ex Parte Young*, an exception to Eleventh Amendment immunity exists to allow claims against State officers to enjoin violations of federal law. *Id.* This exception is extremely narrow:

> It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny render the Amendment wholly inapplicable to a certain class of suits. **Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.**

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146 (1993) (internal citations omitted and emphasis added). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010), citing *Ex Parte Young,* 209 U.S. at 155-156. Consequently, Smith's claim for prospective relief cannot be maintained as filed, because she has not named an appropriate officer as the defendant. *See Thomas v. Nakatani,* 309 F.3d. 1203 (9th Cir. 2002) (acknowledging that the *"Ex Parte Young*

doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction.").

In addition to correcting the above-described deficiencies, Smith must also state facts in the complaint to support her claims. Currently, the complaint fails to detail the alleged acts of retaliation with enough specificity to avoid dismissal of the lawsuit. The complaint may not include only conclusory allegations of wrongdoing; instead, the complaint must include factual statements outlining the acts that Smith claims are illegal or unconstitutional.

Smith is hereby given notice that a failure to amend the complaint as ordered within **thirty days** of the date of this Order will likely result in a recommendation that the complaint, or a portion thereof, be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. Smith is also notified that no action will be taken on her Application until the complaint has been amended. Finally, Smith is reminded of her obligation to promptly notify the Clerk of Court of any change in her address.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** August 15, 2017

Cheryl A. Eifert
United States Magistrate Judge