IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TASHEMA D. SMITH,**

    **Plaintiff,**

v.                                                    Case No. 3:17-cv-03806

**CITY OF HUNTINGTON, et. al.,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMENDATIONS**

Pending before the Court are Plaintiff Tashema D. Smith's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), a *pro se* Complaint asserted under 42 U.S.C. § 1983, (ECF No. 2), and an amended complaint, (ECF No. 8). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), **DISMISS** the complaint and amended complaint, without prejudice, (ECF Nos. 2, 8); and **REMOVE** this action from the docket of the Court.

**I.  Relevant Procedural Background**

On August 11, 2017, Plaintiff filed a complaint seeking "an order to stop the third party anti-harassment into my legal/civil and medical affairs that have not yet been

1

resolved." (ECF No. 2 at 1). Plaintiff alleged that the Huntington Housing Authority, Cabell County division of the West Virginia Department of Health and Human Resources, the Department of Rehabilitation, and other governmental agencies including the City of Huntington and the Cabell County Commission were "interfering [with] and sabotaging" medical treatment required by Plaintiff in retaliation for her having filed a discrimination case in 1998. (*Id.*). Other than stating that the Supreme Court of Appeals of West Virginia instructed Plaintiff to petition the federal court for relief, Plaintiff included no factual allegations in the complaint.

On August 15, 2017, after conducting an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned issued an Order explaining the relevant legal standards to Plaintiff and notifying her that the complaint failed to include enough facts to avoid dismissal. (ECF No. 4). Plaintiff was given thirty days to submit an amended complaint that set forth the acts of alleged retaliation and identified the individuals whom Plaintiff believed had violated her civil rights. (*Id.*). Plaintiff obtained a copy of the Order on August 29, 2017 when she came to the Clerk of Court's Office to file a notice that her address had changed. (ECF Nos. 6, 7). In compliance with the Order, Plaintiff filed an amended complaint on September 11, 2017. (ECF No. 8).

## II.  Screening Standard of Review

In examining Plaintiff's amended complaint, the undersigned applies the screening standard of review. Title 28 U.S.C. § 1915(e)(2)(B) requires the district court to screen each case in which a person seeks to proceed *in forma pauperis* and dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,*

490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an "indisputably meritless legal theory," *Denton v. Hernandez,* 504 U.S. 25, 32 (1992), and it lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Moreover, allegations that are irrational, fanciful, or outlandish may be disregarded; a complaint that relies on such allegations may be dismissed as factually frivolous. *Denton*, 504 U.S. at 32-33.

Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal,* stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2d Cir. 2007)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S at 555).

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this

3

less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Relevant Legal Principles and Procedural Rules</u>

In the amended complaint, Plaintiff requests monetary compensation and prospective injunctive relief related to acts of alleged retaliation and harassment by various governmental entities and their employees. (ECF No. 8). Accordingly, Plaintiff brings her claims under 42 U.S.C. § 1983. To state a cause of action for money damages under § 1983, a plaintiff must show that a person was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Dept. of Social Servs. of the City of NY,* 436 U.S. 658, 690 (1978).

However, in the case of claims for injunctive relief against a State or state agency, liability rests with the State or the agency that intends to enforce an unconstitutional act against an affected plaintiff. Even still, to maintain such a claim against the State of West Virginia or one of its agencies, Plaintiff must name as the defendant the state officer who has proximity to and responsibility for the challenged state action. *See Ex Parte Young*, 209 U.S. 123, 155-56 (1908). The State and its agencies are not properly named defendants because they are generally immune from liability under § 1983 pursuant to

the Eleventh Amendment to the United States Constitution. As the United States Supreme Court explained in *Ex Parte Young*, an exception to Eleventh Amendment immunity exists to allow claims against State officers to enjoin violations of federal law. *Id.* This exception is extremely narrow:

> It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny render the Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146 (1993) (internal citations omitted). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young,* 209 U.S. at 155-56). Thus, to correctly plead such a claim, the proper State official must be included as a defendant by name and identified in the body of the complaint with a specific unconstitutional policy, custom, or practice. *Thomas v. Nakatani,* 309 F.3d. 1203, 1208 (9th Cir. 2002) (acknowledging that the *"Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction.").

Plaintiff alleges that the governmental entities and employees discussed in the amended complaint began to torment her after she filed a civil rights lawsuit in September 1998. Presumably, Plaintiff intends to assert a First Amendment retaliation claim. In a

5

recent case, *Martin v. Duffy,* the United States Court of Appeals for the Fourth Circuit explained the elements of such a claim under Section 1983, stating:

> In order to state a colorable retaliation claim under Section 1983, a plaintiff "must allege that (1) []he engaged in protected First Amendment activity, (2) the defendant[ ] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct."

*Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

In addition to the legal principles underlying Plaintiff's complaint, federal procedural rules govern the manner in which the complaint must be presented. Federal Rule of Civil Procedure 8(a) sets forth the key elements of a complaint. According to the Rule, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [absent an exception] … a short and plain statement of the claim showing that the pleader is entitled to relief … and a demand for the relief sought …." Fed. R. Civ. P 8(a). In addition, Federal Rule of Civil Procedure 10 provides the format that a pleading should follow, indicating that the pleading should have a caption, a title, a file number, and numbered paragraphs, each limited to a single set of circumstances. Fed. R. Civ. P. 10. Applying these procedural rules, the relevant legal principles, and the screening standard of review, the undersigned **FINDS** that Plaintiff fails to state a claim that is plausible on its face.

### IV. Discussion

Beginning with the caption of the case, Plaintiff names as defendants the "City of Huntington, et al., any and all entities, Cabell County Commission, any and all entities concerned, State of West Virginia Department of Health and Human Resources and any and all entities or parties concerned[,] civil servants or people who are employed under

the state, Federal authorities who were working or investigating the Southern District concerning Tashema Smiths legal medical schooling or housing matters." (ECF No. 8 at 1). Plaintiff clearly fails to include any identifiable "person" in the caption of the case, who could be held responsible under § 1983, with the exception of the City of Huntington and the Cabell County Commission. However, in the body of the complaint, Plaintiff fails to include *any* factual allegations demonstrating violations of her constitutional and civil rights by the City of Huntington and the Cabell County Commission.

Plaintiff complains that one CPS/APS worker, Melanie Gue "never intended to reunify [Plaintiff] with [her children]," and Misty Boyles, an economic service worker, called Plaintiff an "imbecile" and taunted her. Plaintiff includes a long rambling discourse about other unnamed governmental employees who destroyed her "chance of advancement"; about the Huntington Police Department, which allegedly failed to arrest her abusive domestic partner; about case workers that took too long to close out cases; and about her multiple medical diagnoses that have not been adequately treated over the years. Unfortunately, Plaintiff supplies no coherent factual statements that demonstrate a right to relief. To the contrary, Plaintiff's amended complaint contains little more than conclusory accusations against largely unidentified individuals. The amended complaint fails to include coherent paragraphs, each setting forth a single set of circumstances, and fails to place any of the alleged incidents in time or context.

Although *pro se* complaints are entitled to liberal construction, the Court "is not obliged to ferret through a complaint in search of viable claims" and "may dismiss a complaint that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Greene v. Obama*, No. CV RDB-15-658, 2015 WL 13055577, at *1–2 (D. Md. Mar. 25, 2015), *reconsideration denied,* No. CV RDB-15-658,

2015 WL 13055514 (D. Md. Sept. 17, 2015), and *aff'd,* 633 F. App'x 196 (4th Cir. 2016), and *aff'd,* 633 F. App'x 196 (4th Cir. 2016) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." *Green v. Sumter Court*, No. CA 3:07-1570-JFA-BM, 2007 WL 2022199, at *1 (D.S.C. July 9, 2007) (citing *Weller v. Department of Social Servs.,* 901 F.2d 387 (4th Cir.1990)). Even when construing the allegations of the complaint in the light most favorable to Plaintiff, the complaint plainly fails to state enough facts to avoid dismissal. Although Plaintiff alleges that she is the victim of ongoing retaliation related to the constitutionally protected act of accessing the courts, she fails to include any factual allegations demonstrating a causal connection between her 1998 lawsuit and the various misfortunes described in her amended complaint. Accordingly, the complaint and amended complaint should be dismissed; read together or separately, they fail to state a plausible claim.

## V.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**;

2. Plaintiff's complaint and amended complaint, (ECF Nos. 2, 8) be **DISMISSED** for failure to state a claim; and

3. This action be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States

District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** September 28, 2017

Cheryl A. Eifert
United States Magistrate Judge